442 A.2d 1170

COMMONWEALTH of Pennsylvania

v.

Michael DABROWSKI, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed March 19, 1982.

Douglas J. Wright, Assistant Public Defender, Girard, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CERCONE, President Judge, and PRICE and MONTEMURO, JJ.

CERCONE, President Judge:

The sole issue presented to this Court is whether appointed counsel should be permitted to withdraw from this direct

appeal. We conclude that counsel has not satisfied the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), and therefore we deny counsel's request to withdraw.

On February 20, 1979, appellant was convicted by a jury on the charge of robbery. A few weeks later, on March 13, 1979, appellant pleaded guilty to a charge of receiving stolen property stemming from the same incident. Subsequently, appellant was sentenced to 3½ to 7 years in prison on the robbery charge and was ordered to pay the costs of prosecution and a $100.00 fine; appellant received no term of imprisonment on the charge of receiving stolen property but was ordered to pay the costs of prosecution and a $100.00 fine for this conviction. Appellant then filed an appeal in this Court. Sometime thereafter, appellant's counsel filed his first request for permission to withdraw. We denied the request and entered the following per curiam order:

> AND NOW, this 18th day of May, 1981, the petition to withdraw is denied. Counsel for appellant is directed either (1) to file an amended request for leave to withdraw that meets in all respects the requirements of notice to the appellant, *see Commonwealth v. Liska*, 252 Pa.Superior Ct. 103, 109, 380 A.2d 1303, 1306 (1977), and to file a withdrawal brief that meets the description in *Commonwealth v. Greer*, 455 Pa. 106, 108–09, 314 A.2d 513, 514–15 (1974), or (2) to proceed with the appeal by filing an advocate's brief on the merits. In either case, counsel is to file a new brief and request, or new brief alone, within thirty (30) days, or risk sanctions.

In response to this order, counsel filed an amended application for leave to withdraw as counsel with an accompanying notice to appellant; counsel also filed a duplicate of his original brief. Having reviewed this second request thoroughly, we conclude that it must be denied. The *Anders/Baker* line of cases require that before counsel may

withdraw he must thoroughly analyze the record and conclude that an appeal is wholly frivolous. *Commonwealth v. Greer, supra,* 455 Pa. at 108–109, 314 A.2d at 514. As the Supreme Court stated in *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981):

> [I]t is apparent that the right to withdraw is in the first instance tied to a finding, after a conscientious review of the record, that the appeal is "wholly frivolous." This court has also noted "that lack of merit in an appeal is not the legal equivalent of frivolity." *Commonwealth v. Greer,* 455 Pa. 106, 108, 314 A.2d 513, 514 (1974).

As required by *Anders, supra,* 386 U.S. at 744, 87 S.Ct. 1396, this Court has made a full examination of all proceedings and we conclude that the case is not wholly frivolous. Appellant was convicted of and sentenced for both robbery and receiving stolen goods on charges arising from the same incident. It could be argued that these charges merged. *See Commonwealth v. Turner,* 248 Pa.Superior Ct. 306, 375 A.2d 110 (1977).[1] As stated in *Turner, supra, Id.,* 248 Pa.Superior Ct. at 309, 375 A.2d at 111, "while this issue may ultimately prove non-meritorious, it certainly cannot be deemed wholly frivolous."

Accordingly, counsel's request for leave to withdraw is denied, and counsel is directed to file an advocate's brief.

PRICE, J., concurs in the result.

1. In many ways, the *Turner* case is strikingly similar procedurally to appellant's case. *Turner* also involved an amended petition by counsel to withdraw. The defendant in *Turner* had been convicted of robbery and of theft by unlawful taking on charges stemming from the same incident. We refused counsel's request to withdraw and ordered counsel to file an advocate's brief, particularly addressing the issue of merger. Ultimately, we found this to be a meritorious issue and defendant Turner's conviction for theft by unlawful taking was reversed. *Commonwealth v. Turner,* 265 Pa.Superior Ct. 486, 402 A.2d 542 (1979).