468 A.2d 1134

**COMMONWEALTH of Pennsylvania**

v.

**Terry WALLER a/k/a Terry Wallace, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 1983.

Filed Dec. 16, 1983.

Norris E. Gelman, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, for Commonwealth, appellee.

Before HESTER, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant alleges ineffectiveness of both trial and PCHA counsel in failing to adequately challenge the lower court's second degree murder instructions. We agree and, accordingly, reverse and remand.

On September 6, 1973, appellant was arrested and charged with murder, conspiracy and possession of an instrument of crime in connection with the shooting of a rival gang member. Following a jury trial on September 20, 1974, appellant was convicted of second degree murder and criminal conspiracy, and sentenced to consecutive terms of ten-to-twenty years imprisonment for murder and five-to-ten years for conspiracy. Our Supreme Court affirmed the judgment of sentence. *Commonwealth v. Wallace,* 475 Pa. 27, 379 A.2d 558 (1977). Appellant's subsequent Post Conviction Hearing Act (PCHA) petition was denied by the lower court on January 27, 1981, prompting this appeal.

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). First, however, we must determine whether the issue underlying the charge of ineffectiveness is of "arguable merit". *Commonwealth v. Evans,* 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980); *accord, Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977). Here, appellant's trial counsel failed to object or to take exception to the jury charge on second degree murder. We must therefore determine if the charge adequately and accurately set forth the law. *Common-*

*wealth v. Wike,* 269 Pa.Superior Ct. 141, 144, 409 A.2d 104, 105–06 (1979).

In evaluating the correctness of a jury charge, the charge must be read in its entirety and the general effect of the charge controls. *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 46, 454 A.2d 937, 953 (1982); *Commonwealth v. Lesher,* 473 Pa. 141, 148, 373 A.2d 1088, 1091 (1977); *Commonwealth v. Rodgers,* 459 Pa. 129, 132, 327 A.2d 118, 120 (1974). The portion of the jury instructions at issue is as follows:

> Now, in dealing with murder in the second degree, in order to not confuse you, but at the same time to make you fully aware, *the difference between murder in the first degree and murder in the second degree primarily is this: that there is no malice aforethought.* You just heard me define for you malice. *Murder in the second degree is an intentional killing but without premeditation and without malice.* That is to say, there is no legal justification for the killing. There was not necessarily a plan that was thought up, thinking before and *there was no malice aforethought.* Suppose I give you an example. An individual becomes very angry and he has no cause for becoming angry and as a result of this anger he picks up a weapon and he kills someone. This would constitute murder in the second degree. There is no lying in wait, there is no use of poison, there has been no premeditation. *There has been no malice aforethought* as defined by me. That is depravity of heart, cruelty, recklessness of the consequences, a disposition of mind regardless of social duty.

(N.T. October 4, 1974 at 178–79) (emphasis added). It is clear that the trial court incorrectly charged the jury that the crime of second degree murder does not require malice aforethought.[1] The Commonwealth argues, however, that

---

1. A correct statement of murder in the second degree would be as follows:

> Malice aforethought is an element of murder in either degree, and distinguishes it from manslaughter. *Commonwealth v. Kelley,* 333

this error was remedied by the following curative instructions:

(1) The absence of malice, that is hardness of heart, cruelty, depravity, and lack of social duty. The absence of malice is the controlling element which can reduce an unlawful killing to voluntary manslaughter. (N.T. October 4, 1974 at 181).

(2) Therefore, to determine whether a homicide constitutes murder you must determine whether malice was present. (N.T. October 4, 1974 at 177).

(3) The difference [between first and second degree murders] lies in whether or not, I said that key word, was premeditation. (N.T. October 4, 1974 at 179).

Although a "prejudicial error in the charge may be rectified by remedial instructions," *Commonwealth v. Wortham*, 471 Pa. 243, 247, 369 A.2d 1287, 1289 (1977), we believe that the lower court's instructions were insufficient to nullify the prejudicial effect of the erroneous jury charge. "Where the jury is being instructed on the law, the language must be imperative." *Lobalzo v. Varoli*, 409 Pa. 15, 19–20, 185 A.2d 557, 560 (1962). Here, the charge as a whole presented the jury with a clear misstatement of the law of second degree murder inserted between other accurate statements on voluntary manslaughter and murder, which only inferentially contradicted the misstatement. At best, the jury was faced with two contradictory definitions of second degree murder. This Court has stated that "[w]here the trial court charged both correctly and incorrectly on the same proposition and it is impossible to determine which instruction was followed by a jury, there must be a reversal." *Commonwealth v. Holloway*, 212 Pa.Superior Ct. 250, 254, 242 A.2d 918, 920 (1968), *citing Reiter v. Reiter*, 159 Pa.Superior Ct. 344, 48 A.2d 66 (1946). *Accord, Commonwealth v. Broeck-*

Pa. 280, 4 A.2d 805 (1939); *Commonwealth v. Gibson*, 275 Pa. 338, 119 A. 403 (1923).

Malice is a necessary element of second degree murder. *Commonwealth v. McLaughlin*, 293 Pa. 218, 142 A. 213 (1928).

*ey,* 364 Pa. 368, 374, 72 A.2d 134, 136 (1950) ("Where an erroneous instruction consists of a palpable misstatement of the law, it is not cured by a conflicting or contradictory one which correctly states the law on the point involved, unless the erroneous instruction is expressly withdrawn, for the jury, assuming as is their duty, that the instructions are all correct, may as readily follow the incorrect as the correct."). *See also Commonwealth v. Ewell,* 456 Pa. 589, 595, 319 A.2d 153, 157 (1974) ("It is not for us to say what in fact happened in the jury room, or what would have happened if the jury had been correctly instructed."); and *Commonwealth v. Wortham, supra,* 471 Pa. at 248, 369 A.2d at 1289 (1977) ("We have often granted new trials on the basis of inadequate, unclear, misleading or inappropriate charges.").

■ Because the jury charge on second degree murder contained a prejudicial misstatement of the law which was not cured, we find that both trial and PCHA counsel had no reasonable basis for failing to raise a claim of such arguable merit. Accordingly, we must reverse and remand for a new trial.[2]

Reversed and remanded. Jurisdiction is not retained.

POPOVICH, J., concurred in the result.

HESTER, J., filed a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the Opinion of Judge Blake of the court below.

**2.** Because of our disposition of the case, we need not address appellant's remaining contentions.

We decline the Commonwealth's request that we direct the lower court to enter a verdict of voluntary manslaughter and resentence appellant. *Commonwealth v. Bachert,* 271 Pa.Superior Ct. 72, 86–87, 412 A.2d 580, 587 (1979) (WIEAND, J. dissenting), cited by the Commonwealth, refers to several federal and state cases. However, no Pennsylvania cases authorize such a procedure.