532 A.2d 836

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James HUMPHEYS, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1987.

Filed Aug. 24, 1987.

Reargument Denied Nov. 6, 1987.

Petition for Allowance of Appeal Denied March 14, 1988.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant (at 1492 and 1372).

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee (at 1492 and 1372).

Before ROWLEY, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

This is a consolidated appeal from judgments of sentence imposed following appellant's convictions at separate jury trials. The charges against appellant arose out of robberies which occurred on August 5, 1980 (appeal No. 1372 Pittsburgh 1986—CC 8007098A), and September 19, 1980 (appeal No. 1492 Pittsburgh 1985—CC 8007065A). Although appellant was tried separately on the indictments, he was represented at each trial by the same counsel. No post-verdict motions were filed and, during a consolidated sentencing proceeding, appellant was sentenced to two 10–to–20–year consecutive terms of imprisonment. A petition was brought pursuant to the Post–Conviction Hearing Act, and the court permitted appellant to file post-verdict motions *nunc pro tunc*. Consolidated post-verdict motions were filed and denied and the sentences were reinstated. This appeal was timely filed.

Appellant now raises numerous challenges to both convictions. For the sake of clarity, these challenges will be addressed as they relate to each appeal number. In regard to No. 1492, we find that appellant's challenges are meritless and, consequently, affirm the judgment of sentence. As to No. 1372, we are unable to determine from the record whether the court imposed sentence upon conviction of an offense which merged for purposes of sentencing. Accord-

ingly, the judgment of sentence in No. 1372 is vacated and the case is remanded for resentencing.

## I. Background

### A. *Appeal No. 1372*

On August 5, 1980, appellant, while posing as a customer, entered the Douglas Funeral Home claiming that his brother had passed away. After conversing with the proprietor, Mr. Douglas, for one-half hour, appellant left only to return later that day. Upon his return, the proprietor's wife escorted appellant to her husband's office. The second meeting with Mr. Douglas lasted almost thirty minutes, after which time appellant drew a gun and demanded that Mr. Douglas hand over his money. Mr. Douglas grabbed for the gun and a scuffle ensued. With Mr. Douglas lying on the floor, appellant pointed the gun at him and demanded his wallet. Mr. Douglas gave appellant his wallet and the latter then demanded the victim's watch and money. Having received these other items, appellant fled. Mr. Douglas immediately notified the police and, several weeks later, identified appellant from a photographic array.

Mrs. Douglas corroborated her husband's testimony, positively identified appellant from a photo array, and made a positive in-court identification of appellant as the assailant.

Appellant was charged and convicted of one count each of robbery, 18 Pa.C.S.A. Sec. 3701(a)(1)(ii), and theft by receiving stolen property, 18 Pa.C.S.A. Sec. 3925.

### B. *Appeal No. 1492*

On September 19, 1980, William Foglia was working at Home Beer Distributing, a business which was owned by his friend, Gloria Amen. Mr. Foglia testified that appellant had been standing near the door of the distributorship for over ten minutes before requesting two cases of beer. Mr. Foglia went into the store and upon returning with the beer, he saw Ms. Amen handing money to appellant. Mr. Foglia then saw that appellant had a gun in his hand. Appellant then pointed the gun at Mr. Foglia and demanded his wallet. Mr. Foglia responded that he didn't have a

wallet. He did have $750.00 on him, but he never gave any of it to appellant. Appellant then escorted both witnesses into the cellar, locked the door, and left the premises.

Both Ms. Amen and Mr. Foglia made photographic and in-court identifications of appellant.

Appellant was subsequently charged and convicted of one count of robbery, 18 Pa.C.S.A. Sec. 3701(a)(1)(ii).

## II. Allegations of Ineffectiveness

In challenging both convictions, appellant makes several claims attacking the performances of trial counsel. Our examination of counsel's alleged ineffectiveness requires us first to determine whether the underlying claim is of arguable merit. *Commonwealth v. Buehl,* 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). If the answer to that inquiry is in the affirmative, we must then determine whether the strategy chosen by counsel had a reasonable basis designed to effectuate the client's interest. *Id.* Finally, the defendant must show that he was harmed or prejudiced by counsel's ineffectiveness. *Id.* Should we determine that a claim has arguable merit but there has been no evidentiary hearing to determine if counsel had a reasonable basis for his actions, we will remand the case for an evidentiary hearing. *Commonwealth v. Shablin,* 362 Pa. Super. 289, 524 A.2d 511 (1987). Where it is clear, however, that the claim of ineffectiveness is meritless, there is no need to remand for a hearing. *Id.*

### A. *Alibi Defense*

In both appeal No. 1492 and No. 1372, appellant raises a claim of ineffectiveness based upon trial counsel's alleged failure to investigate his alibi defense. In support of this claim, he offers his statement made at the sentencing hearing:

> During the time they said I was supposed to have robbed someone, I had been released from Central Pavilion Hospital. I had been robbed. I had contusions, bruised ribs. I wasn't even allowed to sleep for two days. My wife still has the papers to prove it. I couldn't even move

around good. I still had bandages around me, and he wouldn't produce it for me. I asked him to call witnesses. He wouldn't call witnesses for me. Your Honor, all I'm saying is this: I didn't rob those people.

(Notes of sentencing at 9.) At that same proceeding, appellant's mother testified as follows:

I'm his mother, Judge McGregor, and he was, I can say, bandaged and bruised from being robbed himself the time that he was supposed to have robbed those people, and I gave (trial counsel) the proof, but he never used it. I gave him the papers. When he was in the Central Medical Pavilion up here being treated, I gave him those papers, but he never used it, and he was James' lawyer at the time.

(Notes of sentencing at 10.) In short, appellant suggests that he, his mother, and possibly his wife could have presented an alibi defense.

In seeking to establish that counsel was ineffective for failing to call or investigate witnesses, appellant must demonstrate "(1) the names and whereabouts of these witnesses, (2) the substance of their testimony and (3) how they would have appreciably strengthened his defense. Moreover, ... (appellant must show) (4) that his trial counsel knew of the existence of the witnesses who purportedly should have been called." *Commonwealth v. Clemmons,* 505 Pa. 356, 365, 479 A.2d 955, 959 (1984). *See Commonwealth v. Mileshosky,* 350 Pa.Super. 127, 133–34, 504 A.2d 278, 280–281 (1986), and cases cited therein; *Commonwealth v. Polk,* 347 Pa.Super. 265, 273, 500 A.2d 825, 829 (1985); *Commonwealth v. Torres,* 329 Pa.Super. 58, 68, 477 A.2d 1350, 1355 (1984).

■ Based upon the statements presented at the sentencing proceeding, appellant has not satisfied the requirements of *Clemmons.* Certainly, by stating that trial counsel was aware of the previously identified witnesses, appellant established two of the prerequisites. Neither appellant nor his mother indicated, however, the substance of the alibi defense and how their testimony would have been helpful to

appellant's case. Specifically, the statements of both fail to establish the whereabouts of appellant when the robberies occurred (appellant stated that he "had been released" from the hospital), or that he was physically incapable of committing the crimes (appellant stated he had "contusions, bruised ribs" while his mother stated he was "bandaged and bruised"). Even at this point in the proceedings, appellant fails to argue that the pursuit of an alibi defense would have been fruitful. Absent some basis for showing that the testimony would have been exculpatory, the statements fail to establish an alibi defense. *See Commonwealth v. Pounds*, 490 Pa. 621, 631, 417 A.2d 597, 602 (1980) ("(a)libi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.") (citation and quotation omitted). Moreover, because appellant has failed to explain that the *Clemmons* requirements would be satisfied if given a hearing on the matter, this claim of ineffectiveness must be rejected. *See Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981) ("Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective."); *Commonwealth v. Molina*, 358 Pa.Super. 28, 516 A.2d 752 (1986) (failure to make proper and adequate allegations rendered ineffectiveness claim patently frivolous).

In support of his claim of ineffectiveness, appellant notes that our appellate courts have upheld claims of ineffectiveness where trial counsel failed to interview or investigate potential alibi witnesses. *See Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976); *Commonwealth v. McCaskill*, 321 Pa.Super. 266, 468 A.2d 472 (1983). Appellant's reliance on *Mabie* is misplaced. We have previously stated that:

(Mabie) should not be indiscriminately expanded to require defense counsel upon threat of being declared ineffective, to interview all conceivable witnesses irrespective

of the nature or extent of their potential information. Trial counsel's failure to interview potential witnesses will not be equated with ineffective assistance in the absence of a showing that his or her testimony would have advanced the fact finding process.

*Commonwealth v. Wallace*, 347 Pa.Super. 248, 500 A.2d 816, 818 (1985), *quoting, Commonwealth v. Barren*, 273 Pa.Super. 492, 498–499, 417 A.2d 1156, 1159 (1979). *See Commonwealth v. Polk*, 347 Pa.Super. 265, 274–75, 500 A.2d 825, 830 (1985) (distinguishing *Mabie*). Unlike the present case, the defendants in *Mabie* as well as *McCaskill* had presented a basis for a potentially meritorious alibi defense. Because appellant failed to substantiate or even allege a necessary factual basis in support of his alibi defense, we reject his claim of ineffectiveness.

### B. *Jury Charge—Robbery*

Appellant's next challenge to the convictions in both No. 1492 and No. 1372 is an attack on counsel's alleged ineffectiveness for failing to object to the court's incomplete and erroneous jury instructions regarding the offense of robbery. In both cases, appellant was charged with robbery, 18 Pa.C.S.A. Sec. 3701(a)(1)(ii), which provides as follows:

Sec. 3701. Robbery

(a) Offense defined.—

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

At the trial in case No. 1372, the court issued the following instruction:

Defendant has been charged with the crime of robbery in which he threatened bodily injury. In order to find the Defendant guilty of this crime, you must find that each of the elements of the crime have been established beyond a reasonable doubt. There are two elements. One, that the Defendant threatened (the victim) with or intentional-

ly put him in fear of immediate bodily injury. Bodily injury is the impairment of physical condition or substantial pain. A person acts intentionally when it is his conscious object to cause a particular result. Two, that the Defendant so acted in the course of committing a theft. An act is done in the course of committing a theft if it occurs while committing a theft, in an attempt to commit a theft, or in flight after committing or attempting to commit a theft.

(N.T. No. 1372, June 1–2, 1981 at 102–103). A substantially similar instruction was issued in case No. 1492. (N.T. No. 1492, June 3–4, 1981 at 128–129). The "theft" element was defined in neither instruction. Appellant claims that because theft is an essential element of robbery, trial counsel was ineffective for failing to object to the incomplete charges.

It appears settled that where an instruction is issued regarding the offense of robbery, the theft element must be defined for the jury. In *Commonwealth v. Robinson*, 284 Pa.Super. 152, 425 A.2d 748 (1980), this Court examined and discussed a similar charge:

The (trial) court charged:

"... Robbery is stealing under certain circumstances. If a victim has bodily injury inflicted upon him or is placed in fear of bodily injury during the theft, you have a robbery."

The court, however, never defined theft. Thus, the jurors were ignorant of an element of the offense of robbery and could not properly convict appellant of robbery. Accordingly, we reverse appellant's conviction for robbery.

*Robinson*, 284 Pa.Super. at 157, 425 A.2d at 750–751 (footnote omitted). Given the express holding of *Robinson*, we must conclude that appellant's claim of ineffectiveness has arguable merit. Further, we can conceive of no reasonable basis (and none is offered) for counsel's failure to object to the incomplete charge. Appellant is not, however, entitled to relief. The *Robinson* decision did not establish a per se rule of ineffectiveness. Rather, in order to obtain relief on

a claim of ineffectiveness, the defendant must prove that counsel's failure to object to an instruction was prejudicial to his case.[1] *Commonwealth v. Taylor,* 362 Pa.Super. 408, 421, 524 A.2d 942, 949 (1987). *See Buehl,* 510 Pa. at 378, 508 A.2d at 1174. Appellant fails to argue or show that he was prejudiced by counsel's omission. Our examination of the record likewise fails to indicate any prejudice to appellant as a result of counsel's omission.

"Theft" is defined as "the unlawful taking of movable property of another with the intent to deprive him thereof." 18 Pa.C.S.A. Sec. 3921. The jury was instructed that, pursuant to the robbery statute, "(a)n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission," 18 Pa.C.S.A. Sec. 3701(a)(2). (N.T. No. 1492, June 3–4, 1981 at 129; N.T. No. 1372, June 1–2, 1981 at 103). In both cases, the juries heard compelling testimony that appellant, while wielding a handgun, obtained or attempted to obtain money and other items from the victims. Where the evidence clearly supports the omitted instruction, thereby leaving little room for speculation by the jury, this Court has held that the failure to define an element to the jury was not prejudicial error. *See Commonwealth v. Ehrsam,* 355 Pa.Super. 40, 59–60, 512 A.2d 1199, 1208–1209 (1986); *Commonwealth v. Goins,* 348 Pa.Super. 22, 501 A.2d 279 (1985); *Commonwealth v. Mlinarich,* 345 Pa.Super. 269, 287, 498 A.2d 395, 403–404 (1985) (en banc), *allocatur granted,* 512 Pa. 115, 516 A.2d 299 (1986). *Cf. Commonwealth v. Waller,* 322 Pa.Super. 11, 468 A.2d 1134 (1983) (clear misstatement of law was prejudicial). We add further that because the evidence clearly supports a finding of theft, appellant's reliance on *Robinson* is undermined. A close reading of *Robinson* reveals that the evidence presented there was conflicting; contrary to the victim's claim that the defendant had choked him in order to get his wallet, there was testimony that the defendant was separating the victim from another person who had attacked the

---

1. The *Robinson* Court did not examine the potential prejudice to the defendant due to counsel's omission.

victim. The crux of the matter in *Robinson* was whether a theft had even occurred; absent a precise definition of a theft, the jury was left to speculate in their decision making. Because there was an ample basis here which supports a finding of theft, we conclude that counsel's failure to object to the incomplete charge was not prejudicial to appellant's case.[2]

### C. *Jury Charge—Burden of Proof*

■ Appellant's third challenge in case No. 1372 is an attack on counsel's failure to object to the jury charge on the burden of proof. However, appellant failed to preserve this claim in a written post-verdict motion and, consequently, it is waived. Pa.R.Crim.P. 1123(a): *See Commonwealth v. Gravely*, 486 Pa. 194, 198–99, 404 A.2d 1296, 1298 (1979); *Commonwealth v. Beckham*, 349 Pa.Super. 430, 433, 503 A.2d 443, 444 (1986).

We note parenthetically that this claim is meritless. At one point the trial court misstated the burden of proof and charged the jury to convict appellant even if they were "not satisfied beyond a reasonable doubt that the Defendant threatened George Douglas." (N.T. No. 1372, June 1–2, 1981, at 103.) We have carefully examined the entire charge and are satisfied that the court subsequently cured its misstatement and clarified the burden of proof for the jury.

### D. *Jury Charge—Robbery*

■ In case No. 1492, appellant challenges the performances of trial and post-trial counsel for failing to object to a

2. In regard to the conviction in No. 1372, we note an additional ground for denying appellant's request for relief. In that case, appellant was charged and convicted of both robbery and theft by receiving stolen property.

 After instructing the jury as to the robbery charge in case No. 1372, the court instructed the jury as to the crime of theft by receiving stolen property. We have carefully examined that instruction and conclude that the charge, as a whole, adequately and accurately defined a "theft" as it relates to the crime of robbery. The jury obviously understood the nature of the offense as it convicted appellant of theft by receiving. Accordingly, the failure to object to the charge defining robbery could not have been prejudicial to appellant.

jury charge which allegedly added two crimes not charged in the information.[3] Specifically, appellant objects to the following excerpt from the charge:

If after considering all the evidence you find that the Commonwealth has established beyond a reasonable doubt all the elements which I have stated you should find the defendant guilty of robbery in which he threatened to inflict serious bodily injury. *If you are not satisfied beyond a reasonable doubt* that the defendant threatened to inflict serious bodily injury upon *William Foglia and Gloria Amen,* but are satisfied the Commonwealth has established beyond a reasonable doubt that the defendant inflicted bodily injury upon William Foglia and Gloria Amen, and that he did so while in the course of committing a theft *you should find the defendant guilty of robbery in which he inflicted bodily injury.*

(N.T. No. 1492 June 3–4, 1981, at 129) (emphasis added). Appellant asserts that the instruction authorized the jury to convict him of two additional crimes which were not charged in the information: (1) the robbery of Ms. Amen and (2) the robbery of Ms. Amen and Mr. Foglia pursuant to 18 Pa.C.S.A. Sec. 3701(a)(1)(i).[4]

The information stated as follows:

The actor, in the course of committing a theft, namely, taking $25.00 threatened William Foglia with immediate serious bodily injury or intentionally put that person in fear of serious bodily injury in violation of Section

---

**3.** This claim was not raised in a post-verdict motion. Our review of the merits is not precluded, however, as appellant raises this claim by attacking the performance of both trial counsel and post-verdict counsel. Nor is review on the merits precluded because appellant is represented in this appeal by post-verdict motions counsel. *See Commonwealth v. McBee,* 513 Pa. 255, 520 A.2d 10 (1986) (remand for appointment of new counsel not required where it is clear the claim of ineffectiveness is meritless).

**4.** That section provides:

(1) a person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

18 Pa.C.S.A. Sec. 3701(a)(1)(i).

3701(a)(1)(ii) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. Sec. 3701(a)(1)(ii).

The language of the information corresponds with a robbery provision, 18 Pa.C.S.A. Sec. 3701(a)(1)(ii). In view of the instruction, the information was expanded when the jury was given the above charge regarding 18 Pa.C.S.A. Sec. 3701(a)(1)(i). The error, however, was not fatal. In a similar case, the Supreme Court of Pennsylvania has held that a variance between the information and the jury charge was not prejudicial where the only evidence presented by the Commonwealth supported the charges listed in the information. *Commonwealth v. Holcomb*, 508 Pa. 425, 455–56, 498 A.2d 833, 848–849 (1985), *cert. denied*, 475 U.S. 1150, 106 S.Ct. 1804, 90 L.Ed.2d 349 (1986). In this case, the information apprised appellant of the robbery charge pursuant to subsection (a)(1)(ii), and appellant had an adequate opportunity to prepare a defense to that charge. The Commonwealth's evidence proved only that charge; there was absolutely no evidence tending to prove that appellant inflicted bodily injury on Mr. Foglia or Ms. Amen pursuant to subsection (a)(1)(ii). Given the total absence of evidence of bodily injury, appellant was not prejudiced by the issuance of the incorrect instruction.

### III. Variance Between Information and Proof at Trial

In his attack on the robbery of the beer distributorship (No. 1492), appellant claims that the information varied from the proof offered at trial. The information stated as follows:

> The actor, in the course of committing a theft, namely, taking $25.00 threatened William Foglia with immediate serious bodily injury or intentionally put that person in fear of serious bodily injury in violation of Section 3701(a)(1)(ii) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. Sec. 3701(a)(1)(ii).

Appellant notes that according to the Commonwealth's evidence, he pointed the gun at Ms. Amen, who then handed him the money. The evidence also established that appellant pointed a gun at Mr. Foglia, who denied having a

wallet and did not surrender any money to appellant. Appellant asserts that the Commonwealth proved he was guilty only of attempted robbery of Mr. Foglia, not robbery. Consequently, he argues, because the evidence at trial differed substantially from the language in the indictment, the evidence was insufficient to convict him of robbery.

■ Appellant's argument has no basis in law or fact. Pursuant to the robbery statute, 18 Pa.C.S.A. Sec. 3701(a)(1)(ii), a person is guilty of robbery if, "in the course of committing a theft, he ... threatens another with or intentionally puts him in fear of immediate serious bodily injury." "An act shall be deemed 'in the course of committing a theft' if it occurs *in an attempt* to commit theft." 18 Pa.C.S.A. Sec. 3701(a)(2) (emphasis added). A criminal attempt is found where a person, while possessing the intent to commit a crime, does an act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A. Sec. 901(a). Appellant's argument is undermined by these statutory provisions. Assuming appellant is correct in concluding that he is guilty of only attempted robbery, he, nonetheless, could be convicted for robbery in view of the express language of Sec. 3701(a)(2). A review of the record reveals more than adequate proof to sustain the conviction for robbery pursuant to that provision.

Viewed in a light most favorable to the Commonwealth, *Commonwealth v. Peterkin,* 511 Pa. 299, 306–07, 513 A.2d 373, 376 (1986), the evidence established the following. On September 18, 1980, Mr. Foglia was sitting outside of the beer distributorship which was owned by his friend, Ms. Amen. Appellant approached and asked for the price of some beer. Mr. Foglia went inside and appellant followed. Mr. Foglia went to another part of the room to get the beer and, upon his return, saw Ms. Amen giving money to appellant while appellant pointed a gun at her. Appellant then pointed the gun at Mr. Foglia and ordered him to hand over his wallet. Mr. Foglia stated that he had no wallet. At gunpoint, appellant ordered the victims to walk to the cellar. While pointing the gun at Mr. Foglia's back, appel-

lant again demanded his wallet. Mr. Foglia again denied having a wallet. Appellant then locked the victims in the cellar. (N.T. No. 1492 June 3-4, 1981 at 24-35.) During the course of this incident, appellant forced Ms. Amen to give him $25.00 from the cash drawer. (N.T. 66-67.)

We have no doubt that the evidence is more than sufficient to support the robbery conviction. Appellant repeatedly pointed the gun at Mr. Foglia and demanded his wallet. These acts, beyond doubt, put Mr. Foglia in fear of immediate serious bodily injury. The substantial-step requirement was satisfied by the armed demand for the victim's wallet. "Neither the fact that (appellant) did not inflict bodily injury nor that (appellant was) unsuccessful in obtaining the victim's money was controlling. An aggressive act intended to place the victim in fear that he was in danger of immediate physical harm was sufficient to elevate an attempted theft to robbery." *Commonwealth v. Leatherbury*, 326 Pa.Super. 179, 184, 473 A.2d 1040, 1042 (1984).

Nor do we find that the proof at trial varied substantially from the information. Appellant was charged with and had notice to defend one count of robbery[5] pursuant to 18 Pa.C.S.A. Sec. 3701(a)(1)(ii). It was clear that the charge arose from the incident at the beer distributorship. Being bound to that charge, the Commonwealth presented proof at trial which solely supported that statutory provision. Contrary to appellant's assertions, the Commonwealth did not deviate from its initial position; the proof was consistent with the information.

## IV. Sentencing

■ In case No. 1372, appellant was charged with and convicted of robbery and theft by receiving stolen property. In imposing sentence, the court stated:

5. Appellant's reliance on *Commonwealth v. Baranyai*, 278 Pa.Super. 83, 419 A.2d 1368 (1980) is misplaced. In *Baranyai*, it was impossible to determine the number of offenses charged by the information. *Id.*, 278 Pa.Super. at 92, 419 A.2d at 1372. The information in this case clearly put appellant on notice that he was charged with one count of robbery.

THE COURT: Mr. Humphrey, at Information No. 8007065A (No. 1372), it will be the sentence of this Court that you pay the costs of prosecution, that you serve a term of ten to twenty years at the State Correctional Institution in Pittsburgh. Such term is to run consecutive to any term you are now serving or will serve. If you are incarcerated on any charge of mine, we will give you credit on that charge.

(Notes of sentencing, November 10, 1981, at 10). After stating the reasons for the sentence imposed, the court then sentenced appellant on the other information, case No. 1492. Appellant claims that because the crime of theft by receiving merged for sentencing purposes with the crime of robbery, the sentence is illegal.[6] Both appellant and the Commonwealth agree that the offense of theft by receiving stolen property and the offense of robbery merge for purposes of sentencing. *See Commonwealth v. Yancey*, 301 Pa.Super. 427, 447 A.2d 1041 (1982); *Commonwealth v. Dabrowski*, 296 Pa.Super. 515, 442 A.2d 1170 (1982). We, however, are not inclined to summarily decide this matter based upon those cases. Subsequent to *Yancey* and *Dabrowski*, a two-pronged test for determining the merger of offenses has been adopted by our appellate courts:

(T)o determine whether merger should occur, a court must first determine whether the separate statutory offenses arose out of the same criminal act, transaction or episode. When courts decide under the merger doctrine that two crimes "necessarily involve" one another, it does not always mean that all the elements of one crime are included in the other. It means that on the facts of the case the two crimes were so intimately bound up in the same wrongful act that as a practical matter, proof of one

6. Because the legality of the sentence is in issue, this appeal is of right pursuant to 42 Pa.C.S.A. Sec. 9781(a). Consequently, we are not precluded from reviewing the merits of appellant's claim. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 511, 522 A.2d 17, 19 (1987). We note also that a challenge to the legality of a sentence is not waived despite appellant's failure to file a motion to modify the sentence. *See Commonwealth v. Adams*, 350 Pa.Super. 506, 504 A.2d 1264 (1986).

crime necessarily proves the other, so that they must be treated as the same offense. *Commonwealth v. Williams, supra* [344 Pa.Super. 108] at 125, 496 A.2d [31] at 40 [1985].

If the criminal conduct arose out of a single criminal act, then the court must determine whether the statutes defining the crimes charged were directed to substantially the same harm or evil. *Commonwealth v. Williams, id.*, 344 Pa.Superior Ct. at 127, 496 A.2d at 42. Therefore, even if the criminal conduct consisted of only a single criminal act, the separate statutory offenses do not merge if the Commonwealth has substantially different interests at stake and each is injured by the defendant's single act. Summarized, the proper rule of merger is that "an individual can be punished only once for a single act which causes only injury to the Commonwealth." *Commonwealth v. Williams, supra*, 344 Pa.Superior Ct. at 138, 496 A.2d at 47, *quoting Commonwealth v. Schilling*, 288 Pa.Superior Ct. 359, 370, 431 A.2d 1088, 1093 (1981).

The test for merger, as stated above, is a "flexible, fact-based tool for determining how many offenses against the Commonwealth have actually been committed ... (T)he question of merger will often turn on an appraisal of the precise facts of the case." *Commonwealth v. Williams, supra* [344 Pa.Super.] at 143, 496 A.2d at 50. *Commonwealth v. Taylor*, 362 Pa.Super. 408, 418, 524 A.2d 942, 946–47 (1987) (footnote omitted). *See Commonwealth v. Williams*, 514 Pa. 124, 522 A.2d 1095 (1987) (citing with approval and adopting the test set forth in *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985)).

 In the case before us, we have no doubt that the robbery and the theft by receiving stolen property occurred in the same criminal episode. The testimony established that while pointing a handgun at Mr. Douglas, appellant demanded and received the victim's wallet, watch and money. The victim's driver's license and credit cards were in his wallet. When appellant was placed in custody, Mr.

Douglas's credit cards, driver's license and watch were found in his possession. Because appellant initially obtained those items after having placed Mr. Douglas in fear of injury, both offenses constituted the same criminal act. In short, we find that this case fits the classic definition of robbery in that the theft was a necessary part of the robbery. *See* 18 Pa.C.S.A. Sec. 3701(a) (robbery occurs "in the course of commiting a theft").

The determination that both offenses constituted the same criminal act does not, however, end our inquiry. "(E)ven if the two crimes necessarily involve one another, they do not merge if there are substantially different interests of the Commonwealth at stake and the defendant's act has injured each interest." *Commonwealth v. Williams,* *supra,* 514 Pa. at 135, 522 A.2d at 1101. The legislature has chosen to classify both robbery and theft by receiving stolen property as offenses against property. Although the victim in this case was physically assaulted,[7] we believe that, under these facts, the legislature intended to protect the same governmental interest, i.e., the property rights of its citizens. Accordingly, we conclude that because the theft was a part and parcel of the robbery, appellant's conviction for theft by receiving stolen property was subsumed into the robbery for sentencing purposes.

■ Having found that the convictions have merged, we turn to the specifics of this case. We have carefully searched the record, including the transcripts, and are unable to determine the charge or charges for which this sentence was imposed. We note, however, that appellant was sentenced to identical terms of imprisonment for the conviction in No. 1492 (robbery), and the conviction in this

7. The merger rule must be applied in a flexible, not a mechanical, fashion. *Taylor, supra,* 362 Pa.Super. at 420, 524 A.2d at 948. As an indication of this flexible approach, this Court has stated that "the robbery statute more specifically intends to punish those who threaten violence or resort to violent means in order to accomplish their goal of theft." *Taylor, supra,* 362 Pa.Superior Ct. at 420, 524 A.2d at 948. Concluding that robbery and aggravated assault charges did not merge for sentencing purposes, the *Taylor* Court upheld separate sentences imposed for those offenses.

case, No. 1372 (robbery and theft by receiving stolen property). The Commonwealth argues that since the terms of imprisonment in both cases are identical, the trial court must have imposed sentence in No. 1372 on the robbery, not the theft, conviction. Given the absence of any statement by the trial court in this regard, we are not so convinced. Accordingly, we are constrained to remand for reconsideration of the sentence.

## V. Conclusion

Judgment of sentence is affirmed in appeal No. 1492. In appeal No. 1372, judgment of sentence is vacated and the case is remanded for resentencing. Jurisdiction is relinquished.

ROWLEY, J., files a concurring and dissenting statement.

ROWLEY, Judge, concurring and dissenting:

I would affirm the judgment of sentence at No. 1372 Pittsburgh, 1986 and reverse and remand for a new trial at No. 1492 Pittsburgh, 1985.