J-S25028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                          :           PENNSYLVANIA
                                                          :
                              v.                          :
                                                          :
                                                          :
                                                          :
KEITH PUGH                                                :
                                                          :
                      Appellant                           :     No. 327 EDA 2021

Appeal from the PCRA Order Entered January 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014211-2014

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 10, 2021**

Keith Pugh appeals the denial of his Post-Conviction Relief Act (PCRA")

petition. **See** 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied Pugh's

petition, concluding that he failed to present any meritorious claims. Pugh

claims his trial counsel was ineffective. We affirm.

Following a jury trial, Pugh was convicted on August 17, 2017, of

Robbery – Threat of Serious Injury.[1] The evidence at trial was that Pugh

pointed a gun at the complainant, demanded the complainant's cell phone and

wallet, which the complainant turned over. The trial court sentenced Pugh to

10 to 20 years of incarceration. Pugh timely filed a direct appeal, contending

the jury instruction for robbery was deficient because the court did not

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

explicitly define "theft" for the jury. ***Commonwealth v. Pugh***, 3624 EDA 2017, 2019 WL 2745598, at *5 (Pa.Super. 2019) (unpublished memorandum). This Court affirmed Pugh's judgment of sentence, holding that the challenge to the jury instruction was waived due to Pugh's failure to make a contemporaneous objection. ***Id.*** at *6.

On September 19, 2019, Pugh filed the instant, timely PCRA petition. He contended that trial counsel was ineffective for failing to object to the definition of theft being excluded from the jury instructions for robbery. The court appointed counsel, who filed an amended petition. The Commonwealth moved to dismiss, and the PCRA court issued notice of its intent to dismiss the petition without a hearing. ***See*** Pa.R.Crim.P. 907. On January 5, 2021, the court dismissed Pugh's petition, finding he had not raised any claims of merit.

Pugh timely filed the instant appeal. He raises the following issues:

> 1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to object to the trial court's omission of the definition of theft during jury instructions, and failing to provide the court with proposed points for charge or jury instructions that included a definition of theft.
>
> 2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [Pugh's] constitutional right to due process based on the conclusive presumption created by the trial court's omission of the definition of theft during jury instructions, as well as a conviction obtained without proof beyond a reasonable doubt of every element of each crime.
>
> 3. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Pugh's Br. at 8.

All of Pugh's issues relate to the alleged ineffectiveness of trial counsel for failing to request a jury instruction for theft. In his first issue, Pugh argues that this failure created a conclusive presumption that he was engaged in theft at the time of the incident. *Id.* at 15. In Pugh's second issue, he argues that his right to due process was violated because of this conclusive presumption, and because his conviction was allegedly obtained without proof beyond a reasonable doubt of every element of each crime. *Id.* at 16. Finally, Pugh claims that he was entitled to an evidentiary hearing because he "raised significant claims of trial counsel's ineffectiveness and violations of his constitutional rights." *Id.* at 19.

On review of the denial of PCRA relief, we determine whether the PCRA court's conclusions are supported by the record evidence and free of legal error. **Commonwealth v. Burton**, 121 A.3d 1063, 1067 (Pa.Super. 2015). Our standard of review of the legal determinations of a PCRA court is *de novo*. **Id.** A PCRA petitioner claiming the ineffective assistance of trial counsel must establish that "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009).

Robbery is essentially the use or threat to use force in committing a theft:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v) physically takes or removes property from the person of another by force however slight; or

(vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission . . . .

18 Pa.C.S.A. § 3701.

Because theft is an element of the offense of robbery, the failure to request a theft charge where a defendant was charged with robbery is an ineffectiveness claim of arguable merit. **See Commonwealth v. Humpheys**, 532 A.2d 836, 840 (Pa.Super. 1987) (citing **Commonwealth v. Robinson**, 425 A.3d 748, 750-51 (Pa.Super. 1980)). However, this is not a rule of ineffectiveness *per se*. Rather, the petitioner must still plead and prove prejudice. **Id.** Where the evidence supports a finding of theft, the failure to object to an incomplete charge is not prejudicial. **See Commonwealth v.**

*Ennis*, 574 A.2d 1116, 1121 (Pa.Super. 1990) (trial counsel not ineffective for failing to object to omission of the definition of theft from instructions for robbery where this Court already held the evidence to be sufficient to sustain the robbery conviction).

The evidence here supported a finding of theft. Pugh's argument does not address the evidence introduced at trial. Instead, he baldly concludes without further argument that a reliable determination of guilt could not take place. Pugh's Br. at 15. Theft of movable property, as is at issue here, occurs when a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive [the other person] thereof." 18 Pa.C.S.A. § 3921(a). The testimony at trial was that Pugh brandished a gun, demanded the victim's cell phone and wallet, and the victim gave them to him. That was sufficient to prove theft. Pugh failed to prove that he was prejudiced by the omission of the jury instruction for theft. He is not entitled to relief. *Ennis*, 574 A.2d at 1121.

In his second issue, Pugh argues that his due process rights were violated because the Commonwealth was not required to prove the essential element of theft within the crime of robbery. Pugh's Br. at 16. Based upon the disposition of his prior issue, Pugh is not entitled to relief. *Humpheys*, 532 A.2d at 840; *Ennis*, 574 A.2d at 1121. The claim fails for the additional reason that the instructions as given did not tell the jury that Pugh had committed a theft or create a presumption, conclusive or otherwise, that he had. To the contrary, the court informed the jury that the prosecution had to "prov[e]

- 5 -

beyond a reasonable doubt" that Pugh had intentionally put the victim in fear of imminent serious bodily injury "during the course of committing a theft." N.T., 8/17/17, at 16. The failing was in not defining "theft" for the jury, but Pugh sustained no prejudice from counsel's failure to object to that error, as explained above. To the extent that Pugh couches his challenges to the weight and sufficiency of the evidence as due process claims, such arguments are not cognizable under the PCRA, particularly where they have been previously litigated in a direct appeal. *Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa.Super. 2000); *Commonwealth v. Price*, 876 A.2d 988, 995 (Pa.Super. 2005).

In his final issue, Pugh argues the PCRA court erred by failing to grant his request for an evidentiary hearing because he raised legitimate and significant claims of trial counsel's ineffectiveness and violation of his constitutional rights. Pugh's Br. at 19.

We review the denial of a request for an evidentiary hearing for abuse of discretion. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). It is well settled that

> there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019), *appeal denied*, 218 A.3d 380 (Pa. 2019) (internal citations and quotation marks omitted). Due to Pugh's failure to raise a genuine issue of material fact in his petition, the PCRA court did not err in denying him an evidentiary hearing. *Mason*, 130 A.3d at 617; *Maddrey*, 205 A.3d at 328. Indeed, he does not identify one even now, on appeal. Accordingly, we affirm the PCRA court's dismissal of Pugh's PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 11/10/2021