J-S13010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH JACKSON | |
| Appellant | No. 1352 MDA 2021 |

Appeal from the PCRA Order entered September 23, 2021
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0002027-2017

BEFORE:  STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                   **FILED:  JUNE 13, 2022**

Appellant, Joseph Jackson, appeals from the September 23, 2021 order entered in the Court of Common Pleas of York County, granting in part[1] and denying in part his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court granted the petition with respect to sentencing.  In its opinion accompanying the September 23, 2021 order, the PCRA court conceded its error in calculating Appellant's prior record score and in failing to merge Appellant's convictions for sentencing; acknowledged the sentence should be vacated; and advised it would resentence Appellant upon return of jurisdiction to that court.  PCRA Court Opinion, 9/23/21, at 38-41.

who was convicted of robbery and terroristic threats,[2] contends the PCRA court erred when it did not find trial counsel ineffective for failing to request a jury instruction on the definition of theft. For the reasons set forth herein, we affirm the PCRA court's order with respect to the jury instruction. Further, we remand for resentencing using the correct prior record score and merging Appellant's terroristic threats conviction with his robbery conviction.

On direct appeal, this Court affirmed Appellant's judgment of sentence. In a memorandum opinion, we incorporated the factual and procedural background set forth in the trial court's Rule 1925(a) opinion as follows:

> On February 7, 2017, at approximately 9:28 a.m., the West Manchester Township Police Department was dispatched to Taco Bell located at 2189 White Street, Manchester Township, in response to a reported armed robbery. Upon arrival, the shift manager, Lisa Ericson, reported to officers that a man, who had been lurking in the parking lot, confronted her at her vehicle as she was carrying a Citizens Bank deposit bag, grabbed her vehicle door, and told her to start the ignition of her vehicle or he would shoot her with a gun. Ms. Ericson complied with the man's demand to start her car then she grabbed the deposit bag from the front passenger seat before exiting her vehicle; however, the man directed Ms. Ericson to leave the deposit bag on the seat. She left the deposit bag on the seat, exited her vehicle, and went back inside of Taco Bell, leaving the man in the driver's seat of her vehicle. Once back inside of Taco Bell, she immediately sounded the alarm, called 911 emergency, and reported the incident to a co-worker.
>
> Upon Sergeant Jeffrey S. Snell's arrival to Taco Bell, Ms. Ericson provided the description that her assailant was a light-skinned black male, approximately 5'6" in height who was wearing a green jacket, blue jeans, a black beanie and sunglasses.

---

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 2706(a)(1), respectively.

Responding officers from York City converged on the area and after a brief foot pursuit, located Appellant hiding amongst construction equipment near the northeast corner of Rt. 74 and Rt. 30. Officers transported Appellant to Taco Bell at which time Ms. Ericson positively identified him as the man who robbed her of the deposit bag.

York County Assistant Public Defender Eric W. White, Esquire, represented Appellant during trial proceedings. Following a jury trial on November 2, 2017, a jury unanimously convicted Appellant of Count 1 (Robbery) and Count 3 (Terroristic Threats) of the Criminal Information. The jury acquitted Appellant of Count 2 (Criminal Attempt of Robbery of a Motor Vehicle). On December 18, 2017, Appellant was sentenced to a term of ten (10) to twenty (20) years of confinement for Count 1 and a term of one (1) to two (2) years of confinement for Count 3, to run consecutively to Count 1, for an aggregate sentence of eleven (11) to twenty-two (22) years.

*Commonwealth v. Jackson*, No. 303 MDA 2018, unpublished memorandum at 1-2 (Pa. Super. filed January 24, 2019) (quoting Trial Court Opinion, 6/5/18, at 2-4) (brackets omitted). After this Court affirmed his judgment of sentence, Appellant filed a petition for allowance of appeal, which our Supreme Court denied on August 6, 2019.

On July 31, 2020, Appellant filed a timely *pro se* PCRA petition asserting twelve claims of ineffectiveness of preliminary hearing counsel, trial counsel, and direct appeal counsel. On November 6, 2020, appointed PCRA counsel filed an amended petition incorporating Appellant's petition and clarifying two grounds raised in the *pro se* petition, specifically Grounds 9 and 10, relating to Appellant's prior record score and merger of sentences, respectively. Following an evidentiary hearing conducted over two days, the PCRA court issued its September 23, 2021 order, granting in part and

denying in part Appellant's amended petition. The petition was granted with respect to the prior record score and merger of sentences,[3] but was denied in all other respects. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant asks us to consider the following issue:

> [Whether t]he PCRA court erred when it denied Appellant's petition because trial counsel was ineffective for not requesting an instruction on the definition of theft.

Appellant's Brief at 4.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003) (citation omitted). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis for the action or inaction; and (3) that counsel's error prejudiced the petitioner, such that the outcome of the underlying proceeding would have been different but for counsel's error.

---

[3] *See* n. 1.

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). A petitioner's failure to prove any of the three prongs is fatal to the petition. *Id.* at 311. We presume that counsel was effective, and the petitioner bears the burden of proving that counsel's performance was deficient and that such deficiency prejudiced him. *Id.*

Appellant's sole issue on appeal involves a claim of trial counsel ineffectiveness for failing to request a jury instruction defining theft, a crime with which Appellant was not charged. As noted, Appellant was charged with, and convicted of, robbery. In his brief filed in the instant appeal, Appellant acknowledges, "[Appellant] testified on his own behalf at trial. He admitted he committed theft, but denied having a gun or threatening Ericson." Appellant's Brief at 7 (citing Notes of Testimony, Trial, 11/2/17, at 197-99). Following the close of testimony, the trial court instructed the jury on robbery as follows:

> The first offense, to find the Defendant guilty of this offense, you must find that the following two elements have been proven beyond a reasonable doubt:
>
>> First, that the Defendant threatened the victim with serious bodily injury, or intentionally put the victim in fear of serious bodily injury, or committed or threatened to immediately commit the felony of aggravated assault.
>>
>> And second, the Defendant did this during the course of committing a theft.

Notes of Testimony, Trial, 11/2/17, at 249.

In his brief, Appellant acknowledges that "[t]heft is an undefined element of robbery under the Pennsylvania Crimes Code." Appellant's Brief at 12. Appellant argues:

Though [Appellant] was not charged with theft, the crux of the defense presented at trial was that [Appellant] did not commit robbery by threatening to shoot the victim before taking the money bag from her vehicle, but instead only took the money bag from the seat of her vehicle and ran off. Based on the evidence presented at trial, the jury could have rationally found [Appellant] only committed theft, and since theft was not charged, acquit him of the robbery and terroristic threats.

*Id.*

Rejecting Appellant's assertion, the PCRA court explained:

Trial counsel testified that he had a reasonable basis for not requesting this jury instruction due to his strategy of attempting to receive an entire acquittal on the robbery by arguing to the jury [Appellant] did not take the bank bags by force. [Notes of Testimony, PCRA Hearing, 5/10/21, at 46, 54.] "The goal of seeking compete acquittal does not constitute ineffective assistance [of] counsel." *Commonwealth v. Harrison*, 663 A.2d 238, 241 (Pa. Super. 1995). Trial counsel articulated a reasonable trial strategy for not seeking an instruction on a lesser charge, and therefore the ineffective assistance of counsel claim fails.

PCRA Court Opinion, 9/23/21, at 15-16.

This Court considered a similar challenge recently in *Commonwealth v. Pugh*, 2021 WL 5232437 (Pa. Super. November 10, 2021.)[4] In *Pugh*,

---

[4] *See* Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

the appellant was convicted of robbery. On direct appeal, he asserted, *inter alia*, a challenge to the sufficiency of evidence supporting his robbery conviction. After this Court rejected his sufficiency claim and affirmed his judgment of sentence, Pugh filed a PCRA petition, which was denied. On appeal from that denial, he argued PCRA court error for failing to find trial counsel ineffective based on counsel's failure to request a jury instruction for theft.

This Court dismissed Pugh's argument, holding:

Because theft is an element of the offense of robbery, the failure to request a theft charge where a defendant was charged with robbery is an ineffectiveness claim of arguable merit. **See Commonwealth v. Humpheys**, 532 A.2d 836, 840 (Pa. Super. 1987) (citing **Commonwealth v. Robinson**, 425 A.3d 748, 750-51 (Pa. Super. 1980)). However, this is not a rule of ineffectiveness *per se*. Rather, the petitioner must still plead and prove prejudice. **Id.** Where the evidence supports a finding of theft, the failure to object to an incomplete charge is not prejudicial. **See Commonwealth v. Ennis**, 574 A.2d 1116, 1121 (Pa. Super. 1990) (trial counsel not ineffective for failing to object to omission of the definition of theft from instructions for robbery where this Court already held the evidence to be sufficient to sustain the robbery conviction).

The evidence here supported a finding of theft. Pugh's argument does not address the evidence introduced at trial. Instead, he baldly concludes without further argument that a reliable determination of guilt could not take place. Pugh's Br. at 15. Theft of movable property, as is at issue here, occurs when a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive [the other person] thereof." 18 Pa.C.S.A. § 3921(a). The testimony at trial was that Pugh brandished a gun, demanded the victim's cell phone and wallet, and the victim gave them to him. That was sufficient to prove theft.

> Pugh failed to prove that he was prejudiced by the omission of the jury instruction for theft. He is not entitled to relief. ***Ennis***, 574 A.2d at 1121.

***Id.*** at *2.

In the instant case, as in ***Pugh***, this Court similarly concluded on direct appeal "that the victim's testimony was sufficient to prove that in the course of committing a theft, Appellant threatened the victim and intentionally put her in fear of immediate serious bodily injury. This evidence aptly satisfied every element of the crime of robbery as charged." ***Jackson, supra***, at 5-6. Therefore, because this Court determined on direct appeal that the evidence was sufficient to sustain Appellant's robbery conviction, Appellant cannot prove he was prejudiced by the omission. ***See Pugh, supra***, at *2.

Whether based on the PCRA court's determination that counsel articulated a reasonable trial strategy for not seeking an instruction defining theft (*i.e.*, Appellant failed to establish the second prong of the ineffectiveness test, ***see Spotz***, 84 A.3d at 311), or based on our agreement with this Court's conclusion in ***Pugh*** that Appellant was not prejudiced by the omission (*i.e.*, Appellant failed to establish the third prong of the ineffectiveness test, ***see Spotz, id.*** at 311), we conclude that Appellant's

ineffectiveness claim fails.[5]   Again, the failure to prove any prong of the ineffectiveness test is fatal to the petition.   *Spotz*, 84 A.3d at 311. Consequently, Appellant's issue on appeal is meritless.

We find that the PCRA court's rejection of Appellant's jury instruction issue is supported by the record and free of legal error.   However, we recognize that the PCRA court conceded Appellant's prior record score and merger issues had merit.  *See* PCRA Court Opinion, 9/23/21, at 38-41.  The Commonwealth does not contest that determination.   Therefore, while we affirm the PCRA court's order with respect to the jury instruction issue, we must vacate Appellant's judgment of sentence and remand for resentencing based on the correct prior record score and recognizing that Appellant's conviction for terroristic threats merges with his robbery conviction for sentencing.

Order affirmed.  Case remanded for further proceedings in accordance with this Memorandum.  Jurisdiction relinquished.

---

[5] It is well established that "this Court may affirm a PCRA court's order on any legal basis."  *Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa. Super. 2021).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/13/2022