J-S19036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EMELIO PERRALTA :
:
Appellant : No. 690 MDA 2023

Appeal from the PCRA Order Entered April 19, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001867-2020,
CP-36-CR-0005261-2020, CP-36-CR-0006636-2019,
CP-36-CR-0006637-2019

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                  **FILED: OCTOBER 21, 2024**

Appellant, Emelio Perralta, appeals from the order of the Court of
Common Pleas of Lancaster County that denied his petition filed under the
Post Conviction Relief Act (PCRA).[1]  Counsel for Appellant in this appeal (PCRA
appellate counsel) has filed an application to withdraw and a brief asserting
that the appeal of the denial of Appellant's PCRA claim has no arguable merit.
After careful review, we affirm the PCRA court's ruling rejecting the ground
for relief litigated below by Appellant's prior counsel (PCRA counsel) but vacate
in part its denial of the PCRA petition and remand for the PCRA court to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

address five claims of PCRA counsel ineffectiveness that Appellant has raised in this appeal. Because PCRA appellate counsel has not shown that the appeal is wholly without merit, we deny the application to withdraw.

This appeal arises from Appellant's sale of fentanyl that caused the November 8, 2019 death of a woman who used it (Victim), fentanyl buys from Appellant on August 7 and September 26, 2019, and fentanyl found on Appellant's person when he was arrested on November 23, 2019. Appellant was charged at separate dockets with delivery of fentanyl for the August 7, 2019 buy, delivery of fentanyl for the September 26, 2019 buy, drug delivery resulting in death for the fentanyl sale that caused Victim's death, and possession with intent to deliver (PWID) for the fentanyl found on his person when he was arrested.

On February 26, 2021, the Commonwealth filed a motion to join the four cases for trial. Appellant's trial counsel did not oppose the motion, and the trial court on July 20, 2021, ordered the cases consolidated for trial. A jury trial commenced on December 6, 2021. At trial, the Commonwealth's evidence with respect to the drug delivery resulting in death charge showed that Victim died from a fentanyl overdose in the morning hours of November 8, 2019, that Appellant sold fentanyl to Tyler Blantz the day before, that Blantz shared that fentanyl with Victim, who was his girlfriend, and that Victim injected that fentanyl the evening before her death. N.T. Trial at 231, 235-38, 287, 289, 291-306, 325-26, 334-45, 357, 365-73, 386, 395-98. Appellant

- 2 -

testified in his own defense at trial and testified that the only time that he supplied drugs to Blantz was a week or two after Victim's death. *Id.* at 509. Appellant also testified that he never supplied any drugs to Victim because he was told not to give drugs to Victim no matter how sick she claimed to be since she had just come out of rehab. *Id.* at 509-10.

The trial court instructed the jury on drug delivery resulting in death as follows:

> To find the defendant guilty of [drug delivery resulting in death], you must find that the following elements have been proven beyond a reasonable doubt: First, that the defendant administered, dispensed, delivered, gave, prescribed, sold or distributed a controlled substance or a counterfeit controlled substance to a person. Second, that the defendant did so intentionally, that is, it was his conscious object to administer, dispense, deliver, give, prescribe, sell or distribut[e] a controlled substance or counterfeit controlled substance to a person. Third, that the administration, dispense, delivery, prescription or sale was in violation of the Controlled Substance, Drug, Device and Cosmetic Act. And, fourth, that a person has died as a result of using that substance. Proof of malice is not an element of that crime. If you find that each of these elements have been proven beyond a reasonable doubt, then you should find the defendant guilty. If you do not find each proven beyond a reasonable doubt, then you must find him not guilty.

N.T. Trial at 586-87. Appellant's trial counsel did not object to that instruction or request any additional instruction on the drug delivery resulting in death charge. *Id.* at 590. On December 9, 2021, the jury convicted Appellant of all of the charges. *Id.* at 596-99. On March 9, 2022, the trial court sentenced Appellant to an aggregate term of imprisonment of 9 to 18 years' incarceration, consisting of consecutive sentences of 6 to 12 years for the drug

delivery resulting in death conviction and 3 to 6 years for PWID and concurrent sentences of 2 to 5 years on the other charges. Sentencing Orders. Appellant filed timely direct appeals but discontinued the appeals on April 21, 2022.

On April 29, 2022, Appellant filed a timely *pro se* PCRA petition asserting multiple claims of ineffective assistance of trial counsel, including claims that his trial counsel was ineffective for failing to object to the trial court's jury instruction on the drug delivery resulting in death charge and for failing to challenge the consolidation of the cases, and the PCRA court appointed PCRA counsel for Appellant. On July 20, 2022, PCRA counsel filed an amended PCRA petition that asserted two claims for relief: (1) that trial counsel was ineffective for failing to object to the trial court's omission in its drug delivery resulting in death instruction of the *mens rea* of recklessness that the Commonwealth must prove with respect to causation of the death and (2) that trial counsel was ineffective for failing to move to sever the cases.

On January 3, 2023, the PCRA court held a hearing on the amended PCRA petition at which Appellant's trial counsel and Appellant testified. At the start of the hearing, PCRA counsel advised the court that he was withdrawing the claim trial counsel was ineffective for failing to seek severance and that only Appellant's claim of ineffectiveness of trial counsel with respect to the jury instruction on drug delivery resulting in death would be addressed at the hearing. N.T. PCRA at 3. Appellant's trial counsel testified that she believed that the trial court's drug delivery resulting in death instruction was an

- 4 -

accurate statement of the law because it was the standard jury instruction and that she did not believe that there was any basis to object to the instruction. *Id.* at 9, 15-16. Trial counsel testified that at the time of the PCRA hearing she believed that the crime of drug delivery resulting in death required that the Commonwealth prove that the defendant acted recklessly with regard to causing the death but could not recall whether she knew that at the time of Appellant's trial. *Id.* at 12. Appellant did not testify to any conversations with trial counsel or concerning the jury instruction but admitted that he testified at trial that he knew not to give Victim drugs because she had just gotten out of rehab. *Id.* at 23-24.

On April 19, 2023, the PCRA court denied Appellant's PCRA petition. PCRA Court Order, 4/19/23. Appellant filed a timely *pro se* appeal and, in response to the PCRA court's Pa.R.A.P. 1925(b) order, filed both a timely *pro se* statement of errors complained of on appeal and a subsequent *pro se* amended statement of errors. The *pro se* amended statement of errors asserted that the PCRA court erred in denying Appellant's claim of trial counsel ineffectiveness with respect to the drug delivery resulting in death jury instruction and also set forth the following seven claims of PCRA counsel ineffectiveness:

> 1) PCRA Counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to present appellant's alibi witness.
>
> 2) PCRA Counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to challenge the consolidation of appellant's cases.

3) PCRA Counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to challenge the admissibility of cellphone evidence, that was never linked to appellant.

4) PCRA Counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to expose that the lead detective, Detective Wolfe has a relationship with the witness Tyler Blantz a [*sic*] Blantz family.

5) PCRA Counsel was ineffective for failing to raise sufficiency of the evidence where the Commonwealth failed to prove every element of the crimes charged beyond a reasonable doubt.

6) PCRA Counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to impeach Tyler Blantz with his prior inconsistent statements.

7) PCRA Counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to move to suppress appellant's identification, which was obtained unlawfully.

*Pro Se* Amended Statement of Errors at 3-4. The PCRA court appointed new counsel, PCRA appellate counsel, to represent Appellant in this appeal and granted counsel additional time to file a statement of errors or advise the court that Appellant would rely on his amended statement of errors. PCRA appellate counsel timely filed a statement of errors complained of on appeal stating that Appellant relied on the amended statement of errors. Concise Statement of Errors, 10/16/23.

On October 31, 2023, the PCRA court issued its opinion, in which it concluded that it properly denied Appellant's claim that trial counsel was ineffective for failing to object to the drug delivery resulting in death jury instruction. PCRA Court Opinion at 7-15. In this opinion, however, the PCRA

court concluded that the other seven claims raised by Appellant were claims of ineffectiveness of PCRA counsel properly raised on appeal for the first time under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and that it could not address those claims without remand and further development of the record. PCRA Court Opinion at 15-16. On March 22, 2024, PCRA appellate counsel filed and served on Appellant an application to withdraw and an **Anders**[2] brief. Appellant did not file a brief in response to PCRA appellate counsel's **Anders** brief. The Commonwealth has not filed a brief in support of the PCRA court's order.

Before this Court can consider the merits of this appeal, we must first determine whether counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted in a PCRA appeal. **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016); **Commonwealth v. Freeland,** 106 A.3d 768, 774 (Pa. Super. 2014); **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing a PCRA petitioner, counsel must file a no-merit letter, send the petitioner copies of the application to withdraw and no-merit letter, and advise petitioner of his right to proceed *pro se* or with a privately retained attorney. **Walters**, 135 A.3d at 591; **Doty**, 48 A.3d at 454; **Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011). The no-merit letter

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

must set forth: (1) the nature and extent of counsel's review of the case; (2) each issue that the petitioner wishes to raise on appeal; and (3) counsel's explanation of why each of those issues is meritless. ***Commonwealth v. Turner***, 544 A.2d 927, 928-29 (Pa. 1988); ***Freeland,*** 106 A.3d at 774; ***Widgins***, 29 A.3d at 817-18. If counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. ***Walters***, 135 A.3d at 591; ***Doty***, 48 A.3d at 454; ***Widgins***, 29 A.3d at 819.

Here, PCRA appellate counsel filed and sent Appellant his application to withdraw as counsel and sent Appellant a letter advising Appellant of his right either to retain new counsel or proceed *pro se*. Although PCRA appellate counsel filed and sent Appellant an ***Anders*** brief, which is required when counsel seeks to withdraw in a direct appeal, rather than a no-merit letter, an ***Anders*** brief can satisfy counsel's obligations in an appeal from denial of a PCRA petition provided that the brief contains all the information that must be included in a no-merit letter. ***Widgins***, 29 A.3d at 817 n.2, 819. PCRA appellate counsel's brief discusses the record in detail, sets forth the ground for PCRA relief litigated by Appellant before the PCRA court, and explains why he concludes that the appeal from the denial of that PCRA claim is without merit. We conclude that PCRA appellate counsel's brief here satisfies the requirements for a no-merit letter with respect to the PCRA claim litigated and decided by the PCRA court. While PCRA appellate counsel does not conclude

that Appellant's seven additional claims of ineffectiveness of PCRA counsel are without merit and requests that these claims be remanded to the PCRA court for development of the record and decision, **Anders** Brief at 11, 15, it sufficiently presents them under the circumstances before us where there is no PCRA court ruling on those claims. We therefore conclude that PCRA appellate counsel has satisfied the prerequisites for seeking to withdraw and conduct our own review and independently determine whether Appellant has asserted any issues in this appeal that support vacating the denial of his PCRA petition.

We address first whether the PCRA court erred in denying the claim that Appellant litigated before it, ineffectiveness of trial counsel with respect to the drug delivery resulting in death jury instruction. Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015); **Commonwealth v. Johnson**, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*); **Freeland,** 106 A.3d at 775. We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Mason**, 130 A.3d at 617; **Johnson**, 236 A.3d at 68; **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. **Mason**, 130 A.3d at 617; **Commonwealth v. Mojica**, 242 A.3d 949, 953, 956 (Pa. Super. 2020);

*Widgins*, 29 A.3d at 820. We apply a *de novo* standard of review, however, to the PCRA court's legal conclusions. *Mason*, 130 A.3d at 617; *Mojica*, 242 A.3d at 953; *Johnson*, 236 A.3d at 68.

Because this is a claim of ineffective assistance of counsel, Appellant was required to prove: (1) that the underlying claim had arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019); *Mason*, 130 A.3d at 618; *Freeland,* 106 A.3d at 775. All three prongs of this test must be satisfied to obtain relief on an ineffective assistance of counsel claim. *Montalvo*, 205 A.3d at 286; *Mason*, 130 A.3d at 618; *Johnson*, 236 A.3d at 68. The PCRA court held that Appellant's PCRA claim of trial counsel ineffectiveness with respect to the drug delivery resulting in death jury instruction failed because objection to the instruction lacked arguable merit and because Appellant had failed to show prejudice. PCRA Court Order, 4/19/23 at 2-5 n.1; PCRA Court Opinion at 10-15.

The PCRA court erred in holding that an objection to this instruction lacked arguable merit. A trial court is required to instruct the jury on the *mens rea* that the Commonwealth must prove to convict the defendant of the charged offense. *Commonwealth v. Moran*, 104 A.3d 1136, 1150 (Pa. 2014); *Commonwealth v. Safrit*, 538 A.2d 1335 (Pa. 1988); *Commonwealth v. Ketterer*, 725 A.2d 801, 807 (Pa. Super. 1999). The law

is clear, and was clear at the time of Appellant's trial, that Commonwealth must prove as an element of the crime of drug delivery resulting in death that the defendant acted recklessly with respect to causing the death. ***Commonwealth v. Carr***, 227 A.3d 11, 16 (Pa. Super. 2020); ***Commonwealth v. Kakhankham***, 132 A.3d 986, 995 (Pa. Super. 2015). The jury instruction omitted that element, instructing the jury that the Commonwealth was required to prove only that a person died as a result of using the drug if it proved that Appellant intentionally delivered the drug in violation of the Controlled Substance, Drug, Device and Cosmetic Act. N.T. Trial at 586-87. Because the failure to instruct on an element of the crime is error, objection to the trial court's instruction plainly had arguable merit. ***Commonwealth v. Nichols***, 692 A.2d 181, 186-88 (Pa. Super. 1997); ***Commonwealth v. Humpheys***, 532 A.2d 836, 840 (Pa. Super. 1987).

The PCRA court and trial counsel nonetheless have asserted that an objection lacked arguable merit because the instruction given by the trial court that omitted the *mens rea* element was a standard jury instruction. PCRA Court Opinion at 11-12; N.T. PCRA at 9, 15-16. This contention is without merit. The suggested standard jury instructions are not binding, and a trial court cannot use those instructions over the defendant's objection where they do not correctly state the law. ***Commonwealth v. Eichinger***, 108 A.3d 821, 845 (Pa. 2014); ***Commonwealth v. Raymond***, 233 A.3d 809, 819-20 & n.5 (Pa. Super. 2020) (trial court's jury instruction was inadequate and created

reversible error despite fact that it conformed to the suggested standard jury instruction); **Nichols**, 692 A.2d at 186-87 & n.4 (counsel was ineffective for failure to object to standard jury instruction that misstated *mens rea* of offense).

Although this Court has upheld drug delivery resulting in death convictions where the jury instruction at issue here was given, none of those decisions hold that an objection to the instruction's failure to include the *mens rea* element of recklessness is meritless. In **Commonwealth v. Burton**, 234 A.3d 824 (Pa. Super. 2020), the issue argued by the defendant on appeal was that the evidence was insufficient for the jury to find the *mens rea* of recklessness, not that he was entitled to a new trial because the jury was not properly instructed, and the Court found that any claim of error with respect to the jury instruction was waived. **Id.** at 828-33 & n.3.

In an appeal from the denial of the defendant's PCRA petition in the same case, **Commonwealth v. Burton**, No. 1539 EDA 2022 (Pa. Super. January 11, 2023) (unpublished memorandum), this Court affirmed the denial of the defendant's claim that his trial counsel was ineffective for failing to object to the drug delivery resulting in death jury instruction on the ground that counsel had a reasonable basis for failure to object where counsel testified that she did not request the *mens rea* instruction because she felt that it would be more harmful than helpful since it would have resulted in additional instruction that providing fentanyl is sufficient to show recklessness. **Id.** at

6-7. Here, in contrast, the record cannot support any finding that trial counsel had a reasonable basis for her failure to object, as trial counsel testified that the reason that she did not object was her erroneous conclusion that the instruction that the trial court gave was accurate and that there was no basis for objection. N.T. PCRA at 9, 15-16.

In the remaining case involving a challenge to the failure to include the *mens rea* of recklessness in a drug delivery resulting in death jury instruction, **Commonwealth v. Shaffer**, No. 1362 WDA 2021 (Pa. Super. September 26, 2022) (unpublished memorandum), the *mens rea* jury instruction that the defendant sought, that the Commonwealth must prove malice, was contrary to law, and omission of the *mens rea* of recklessness was harmless because the jury was instructed on a charge of involuntary manslaughter for the same conduct that the Commonwealth must prove that the defendant recklessly caused the death and the jury found defendant guilty of that charge. **Id.** at 8-10. Unlike **Shaffer**, there was no jury instruction at Appellant's trial that the Commonwealth must prove that Appellant recklessly caused Victim's death.

The PCRA court, however, did not err in holding that Appellant failed to show prejudice. To satisfy the prejudice element of an ineffective assistance of counsel claim, Appellant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been

different.  ***Commonwealth v. Jones***, 210 A.3d 1014, 1018-19 (Pa. 2019); ***Mason***, 130 A.3d at 618; ***Stewart***, 84 A.3d at 707.

Appellant did not show that there was a reasonable probability that a jury instruction that the Commonwealth was required to prove recklessness in causing the death would have led to a different result in Appellant's trial. Evidence that the defendant intentionally sold heroin or fentanyl is sufficient for the jury to find that the defendant acted recklessly with respect to causing the death of the person who consumed it because the risk of death from those substances is well known.  ***Commonwealth v. Scott***, ___ A.3d ___, ___, 2024 PA Super 232, slip op. at 7-8 (filed October 1, 2024); ***Commonwealth v. Storey***, 167 A.3d 750, 758 (Pa. Super. 2017); ***Kakhankham***, 132 A.3d at 995-96.  Appellant did not testify or argue that he did not understand that fentanyl was dangerous.  To the contrary, his testimony that he was told not to give drugs to Victim because she had just gotten out of rehab, N.T. Trial at 509-10, showed that he was aware that what he was supplying was dangerous.  Rather, Appellant challenged the credibility of Blantz's testimony, which was the only evidence that Appellant supplied the fentanyl that killed Victim, and argued that the Commonwealth did not prove that he supplied the fatal fentanyl.  ***Id.*** at 529-35.  Given the evidence presented and issues litigated at trial, there is no basis to conclude there was a reasonable probability that an instruction on recklessness would have affected the jury's verdict.  Because Appellant did not show that trial counsel's failure to object

to the jury instruction caused him prejudice, the PCRA court did not err in denying this claim of ineffective assistance of counsel.

The seven remaining issues are all claims of ineffectiveness of PCRA counsel raised for the first time in this appeal, after PCRA counsel no longer represented Appellant. These claims are properly before us. In **Bradley**, our Supreme Court held that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. 261 A.3d at 401-05. Here, PCRA counsel, whose ineffectiveness Appellant is challenging, represented Appellant throughout the proceedings in the PCRA court. Because these are layered claims that PCRA counsel was ineffective with respect to claims of ineffectiveness of trial counsel, Appellant must satisfy the three prongs of the ineffectiveness test with respect to both PCRA counsel and the prior counsel whose ineffectiveness he claims that PCRA counsel should have raised. **Montalvo**, 205 A.3d at 286; **Commonwealth v. McGill**, 832 A.2d 1014, 1022-23 (Pa. 2003).

The Supreme Court recognized in **Bradley** that because claims of ineffectiveness of PCRA counsel raised for the first time on appeal have not been addressed by the PCRA court, this Court must determine whether the record is adequate to address those claims and consider whether they should

be remanded for further development of the record and for decision by the PCRA court. 261 A.3d at 402. As the Supreme Court explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness[;] however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

*Id.* (citations, brackets, and quotation marks omitted). Applying this guidance to Appellant's seven claims of ineffectiveness assistance of PCRA counsel, we conclude that two of Appellant's additional claims are plainly without merit, but that remand for determination by the PCRA court is necessary with respect to the other five claims of ineffectiveness of PCRA counsel.

We can determine from the trial record that there is no basis for Appellant's claim that PCRA counsel was ineffective for failing to assert a claim based on insufficiency of the evidence. It is clear from the trial transcript that a challenge to the sufficiency of the evidence would have lacked arguable merit and therefore cannot constitute ineffectiveness of prior counsel. As discussed above, the Commonwealth introduced evidence that Appellant sold the fentanyl that killed Victim. N.T. Trial at 298-306, 325-26, 334-45, 365-73, 386, 395-98. This evidence is sufficient to prove that Appellant acted recklessly with respect to her death and the other elements of drug delivery

resulting in death. *Scott*, ___ A.3d at ___, 2024 PA Super 232, slip op. at 6-14; *Storey*, 167 A.3d at 758; *Kakhankham*, 132 A.3d at 995-96. The evidence was also sufficient to prove the other three charges of which Appellant was convicted. The Commonwealth introduced evidence that Appellant sold fentanyl on August 7 and September 26, 2019. N.T. Trial at 83, 87-99, 105-07, 112-36, 143-51, 169-73, 175-88, 198-200, 208-18. The evidence that 68 baggies of fentanyl packaged for sale were found on Appellant's person when he was arrested on November 23, 2019 was sufficient to prove that he possessed fentanyl with intent to deliver on that date. *Id.* at 444, 446-53, 460-64, 485-92.

The record is also clear that there is no merit to Appellant's claim that PCRA counsel was ineffective for failing to assert that trial counsel failed to impeach Blantz with his prior inconsistent statements. The trial transcript shows that trial counsel did cross-examine Blantz concerning the inconsistencies between his trial testimony and his statements to the police and concerning a prior statement that Blantz made to a friend of Victim. N.T. Trial at 374, 378-82.

The record, however, is insufficient for this Court to address Appellant's other five claims of ineffectiveness of PCRA counsel. These are claims that PCRA counsel was ineffective for failing to assert ineffective assistance of trial counsel for failure to call an alibi witness, failure to challenge consolidation of the cases, failure to challenge the admissibility of cellphone evidence that the

Commonwealth introduced at trial, failure to bring out evidence of a relationship between the lead detective and witness Blantz and his family, and failure to move to suppress Blantz's out-of-court identification of Appellant that the Commonwealth introduced at trial. Because we cannot say from the record before us that relief on these claims of PCRA counsel ineffectiveness is clearly unavailable, in accordance with our Supreme Court's direction in **Bradley**, we must remand this case to the PCRA court to address those claims.

Because the PCRA court did not err in rejecting Appellant's claim for PCRA relief concerning trial counsel's failure to object to the drug delivery resulting in death jury instruction, we affirm its denial of that PCRA claim. Because Appellant has asserted claims of ineffective assistance of PCRA counsel that have not been addressed by the PCRA court and that cannot be decided on this record, however, we vacate the PCRA court's order insofar as it denied Appellant's PCRA petition in its entirety and remand for the PCRA court to address and, if necessary, conduct further proceedings on the claims that PCRA counsel was ineffective for not seeking relief based on trial counsel's failure to call an alibi witness, failure to challenge consolidation of the cases, failure to challenge the admissibility of cellphone evidence, failure to bring out evidence of a relationship between the lead detective and witness Blantz and his family, and failure to move to suppress Blantz's out-of-court identification of Appellant. Because PCRA appellate counsel did not demonstrate that the appeal was wholly without merit, we deny the application to withdraw as

counsel, without prejudice to consideration of appointment of new PCRA counsel by the PCRA court on remand.

Order affirmed in part and vacated in part. Application to withdraw denied. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/21/2024